IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL STEWART, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) No. 16-6117-CV-SJ-BP |
| | ) |
| DAVID SPEISER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFF MICHAEL STEWART'S
## PRO SE MOTION TO SET ASIDE JUDGEMENT

An Amended Judgment was entered in this case in October 2018. Now pending is a Motion to Set Aside Judgment. For the following reasons, the motion, (Doc. 198), is denied.

This is a civil rights suit, arising from Plaintiff Michael Stewart's allegations that he was subjected to excessive force during the course of (and after) an arrest. Some claims were dismissed before trial, and some claims were disposed of via summary judgment. A trial was held on the remaining claims. The Court granted judgment as a matter of law to Defendants on some of those claims, and on April 19, 2018, the jury found for Defendants on all the remaining claims. (Doc. 195.) Plaintiffs' counsel filed a Motion for New Trial, and the motion was denied as untimely. (Doc. 193.) There was no appeal.

After the trial, Defendant Christopher Kimmel – through his attorney, Mitchell Wood – filed a Proposed Bill of Costs. (Doc. 188.) Plaintiffs did not respond to the Proposed Bill of Costs, so the Bill of Costs was granted and Kimmel was awarded costs in the amount of $6,021.60. (Doc. 194.) An Amended Clerk's Judgment reflecting the award of costs was filed on October 16, 2018. (Doc. 195.)

On July 26, 2019, Plaintiff Michael Stewart, ("Michael"), acting pro se, filed a Motion to Set Aside Judgment.[1]  The motion raises a series of issues regarding Michael's dissatisfaction with his attorneys (Brian Klopfenstein and Rebecca Randles) and matters involving what appears to be a different lawsuit, but only one of the issues relates to the judgment entered in this case. Specifically, Michael alleges that by seeking costs on behalf of Kimmel, Wood "is in breach of contract, because an agreement was made between Mitchell Wood and Mr. Klopfenstein that no cost[s] would be sought if an appeal was not filed by Mr. Klopfenstein or Ms. Randles, that message [was] related to Michael Stewart on May 07, 2018." (Doc. 198, p. 1.)  This representation is reiterated elsewhere in the motion; Michael states that Klopfenstein contacted him "by telephone and stated . . . that Mitchell Wood . . . had made an agreement with Mr. Klopfenstein, that they would not pursue any cost[s] as long as he did not file an appeal in federal court and that the matter would be dropped."  (Doc. 198, p. 3.)  Michael represents that he has, among other things, filed a complaint against Klopfenstein with the Office of the Chief Disciplinary, ("the OCDC"), and he attached what appears to be an excerpt from Klopfenstein's response to the OCDC.  The excerpt states that an "offer was made to Mr. Stewart that if he would not appeal the case, the Defendants would not seek to collect their costs and expenses from him after the trial.  I merely conveyed the offer to Mr. Stewart."  (Doc. 198-1, p. 2.)

The Court ordered Wood, Klopfenstein, and Randles to respond to the motion.  Wood was directed to "file a statement indicating whether an agreement regarding costs was reached with Plaintiffs, and if so what that agreement provided.  If it is Kimmel's position that discussions occurred but no agreement was reached, then the content of those discussions should be supplied."

---

[1] Jennifer Stewart was also a plaintiff in this case.  However, she did not sign or otherwise indicate that she joined in the Motion to Set Aside, and Michael Stewart is not an attorney so he cannot seek relief on her behalf.  To avoid confusion, the Court will refer to the motion as having been filed by Michael (and his first name is used to differentiate him from Jennifer Stewart).

(Doc. 201, p. 2.)  Klopfenstein and Randles were directed to "file statements (or a joint statement) if they prefer) addressing the same issues."  (Doc. 201, pp. 2-3.)

Wood responded to the Court's Order, (Doc. 202), and Klopfenstein filed a response on his behalf.  (Doc. 203.)  Randles did not respond; nonetheless, and despite the areas of disagreement between Wood and Klopfenstein, enough information has been presented to demonstrate that Michael's motion must be denied.

Rule 60(b)(3) permits a district court to "relieve a party . . . from a final judgment" if there was "fraud, . . . misrepresentation, or misconduct by an opposing party."  Rule 60(b)(6) grants the same authority if there is "any other reason that justifies relief."  The Court has little doubt that either of these provisions would permit the Court to amend the judgment to vacate the award of costs if Wood sought costs on Kimmel's behalf after he entered an agreement to not seek costs if Plaintiff did not appeal.  However, despite their disagreements, Wood's and Klopfenstein's statements are similar to the extent that neither establishes that such an agreement existed.

Wood states that he did not discuss, much less enter, an agreement with either Klopfenstein or Randles about the possibility of not seeking costs if Plaintiff did not appeal.  (Doc. 202-1, ¶ 2.) Klopfenstein states that as the parties were leaving the courtroom after the jury returned its verdict, Wood "suggested that if the Plaintiffs did not appeal the verdict, that the Defendants would not seek the payment of costs in this matter" and Klopfenstein indicated "that the Plaintiff[s] would have to think about the offer."  (Doc. 203, ¶ 2.)  He then relayed that information to Randles and Plaintiffs.  (Doc. 203, ¶ 3.)  Klopfenstein also represents that he received a call (ostensibly from Wood) within a week of the verdict again offering that Wood's clients would not seek costs if Plaintiffs did not appeal.  (Doc. 203, ¶ 4.)  Klopfenstein relayed that offer to Plaintiffs.  (Doc. 203, ¶ 5.)  Thereafter, Klopfenstein had no further conversations with Wood.  (Doc. 203, ¶ 6.)

3

Case 5:16-cv-06117-BP   Document 204   Filed 09/18/19   Page 3 of 4

Wood and Klopfenstein disagree whether a conversation about costs took place, but there is no need for the Court to resolve that dispute and determine whether or not such a conversation occurred.  The important point for present purposes is that neither Wood nor Klopfenstein indicate that (1) an offer by Kimmel to waive costs was accepted by Plaintiffs or (perhaps more importantly) (2) that acceptance of such an offer was conveyed to Wood.  Therefore, Wood did not seek costs in violation of an agreement that Kimmel would waive his right to recover costs, and relief is not justified under either Rule 60(b)(3) or Rule 60(b)(6).  Michael's motion to set aside the award of costs is denied.

The Clerk of Court shall mail a copy of this Order to:

Michael Stewart
7319 NW Katie Circle
Parkville, Missouri 64151

**IT IS SO ORDERED.**

DATE: September 18, 2019

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT